UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **TATYANA ISHUTKINA,** | : | **CIVIL ACTION NO.** |
| Plaintiff, | : | **3:13-cv-01117 (VLB)** |
| | : | |
| v. | : | |
| | : | |
| **MORGAN, BROWN & JOY, LLP,** | : | |
| Defendant. | : | September 8, 2014 |

## ORDER DENYING [23] MOTION TO REOPEN CASE FOR FAILURE TO COMPLY WITH FED. R. CIV. P. 8

Plaintiff Tatyana Ishutkina ("Ishutkina") filed her original *pro se* complaint with this Court on August 2, 2013.  Because the original complaint was unclear and deficient and failed to state sufficiently the nature of her cause of action, Magistrate Judge Thomas P. Smith denied her Motion to Proceed *in forma pauperis* without prejudice to re-filing.  [Dkt. 10, 8/7/14 Recommended Ruling]. On August 13, 2013, Ishutkina filed an Amended Complaint, purportedly alleging employment discrimination, not against her former employer, Electric Boat, but against the law firm which represented her former employer in cases the Plaintiff initiated against Electric Boat in various other districts, including one which was removed to the District of Connecticut.  [Dkt. 11].

By order dated September 4, 2013, Judge Smith granted Ishutkina's motion to proceed *in forma pauperis*, but recommended that this action be dismissed due to the Plaintiff's failure to comply with Federal Rule of Civil Procedure 8(a)(2). Judge Smith's Recommended Ruling noted that (1) Ishutkina did not seek to hold General Dynamics or Electric Boat liable in this action, although she appeared to

1

have alleged discrimination in employment, (2) that her pleading was confused and each of her five counts contained "the same or similar 146 'Supporting Facts in Chronological Order,' [which] facts are so attenuated from the causes of action that the Magistrate Judge [was] at a loss to find a short and plain statement showing that the plaintiff [was] entitled to relief" pursuant to Rule 8, and (3) that the Plaintiff's Amended Complaint was so unintelligible and indiscernible that it failed entirely to provide an understanding of the Plaintiff's complaint or her legal basis for recovery, thereby failing to give notice to the Defendant of the Plaintiff's claims.  [Dkt. 12, Order and Recommended Ruling].  On September 20, 2013, this Court adopted Magistrate Judge Smith's Recommended Ruling and dismissed the Plaintiff's complaint.

On September 27, 2013, Ishutkina filed a motion to reopen this case, along with a Second Amended Complaint.  [Dkt. 23].  Since then, she has filed three separate memoranda in support of her motion to reopen.  [Dkt. nos. 25, 26, 27]. Ishutkina's Second Amended Complaint fails to comply with Federal Rule of Civil Procedure 8(a)(2), does not remedy the issues noted in Judge Smith's Recommended Ruling adopted by this Court, and is, for the most part prolix and incomprehensible.  Ishutkina's motion to reopen is thus DENIED.

Fed. R. Civ. P. 8(a) provides that "[a] pleading that states a claim for relief must contain," among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief."  This short and plain statement must be "sufficient to give the defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests."  *Jones v. Nat'l Commc'ns. And*

2

*Surveillance Networks*, 266 Fed. Appx. 31, 32 (2d Cir. Feb. 21, 2008) (internal citations and quotation marks omitted). "The statement should be plain because the principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). "The statement should be short because '[u]nnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage.'" *Id.* (quoting 5 C. Wright & A. Miller, Federal Practice and Proc. § 1281, at 365 (1969)). *See also Jones*, 266 Fed. Appx. at 32 (quoting same). Although "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)), "[w]hen a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative or in response to a motion by the defendant, to strike any portions that are redundant or immaterial . . . or to dismiss the complaint." *Salahuddin*, 861 F.2d at 42. *See also Shomo v. State of New York*, 374 Fed. Appx. 180, 182 (2d Cir. Apr. 22, 2010) ("a court has the power to dismiss a complaint that is 'prolix' or has a 'surfeit of detail'"); *Jones*, 266 Fed. Appx. at 33 (failure to comply with Rule 8 "is a sufficient basis for [a] district court's dismissal of [a] complaint.").

As the Plaintiff is proceeding *pro se*, the Court must liberally construe Plaintiff's submissions. *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006) ("This policy of liberally construing pro se submissions is driven by

3

the understanding that implicit in the right of self-representation is an obligation on the part of the court to make reasonable allowances to protect pro se litigants from inadvertent forfeiture of important rights because of their lack of legal training.") (internal quotation marks and citation omitted).  "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and quotation omitted).

Plaintiff is also proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915.  Pursuant to this statute the Court is obliged to dismiss a *pro se*, *in forma pauperis* complaint if the court determines that the complaint is frivolous or malicious, or if the complaint fails to state a claim upon which relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(i) and (ii).  "[A] court may dismiss a claim as factually frivolous only if the facts alleged are 'clearly baseless,' a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'"  *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citations omitted).  "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.  An *in forma pauperis* complaint may not be dismissed, however, simply because the court finds the plaintiff's allegations unlikely."  *Id.* at 33; *see also Graham v. Bank of Am.*, 432 F. App'x 41 (2d Cir. 2011) ("[T]he power of district courts to sua sponte dismiss meritless actions is well-established.").  The frivolousness determination is discretionary.  *Denton*, 504 U.S. at 33.

The analysis for failure to state a claim under 28 U.S.C. § 1915 is identical to the analysis under Federal Rule of Civil Procedure 12(b)(6):

> A complaint fails to state a claim on which relief can be granted if, taking all allegations contained in the complaint to be true, it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. The complaint must plead "enough facts to state a claim to relief that is plausible on its face." A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Petway v. New York City Transit Auth.*, 450 F. App'x 66, 67 (2d Cir. 2011) (quoting, respectively, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009)).

Ishutkina's proposed Second Amended Complaint does not comport with the pleading requirements of Rule 8, is patently frivolous pursuant to 28 U.S.C. § 1915, and fails to state a claim upon which relief may be granted even when read liberally. Plaintiff's submission is rambling, at times incoherent and nonsensical, disjointed, and does not sufficiently state the Defendant's involvement in the discrimination she alleges. Ishutkina's proposed Second Amended Complaint again names the law firm of Morgan, Brown & Joy, LLP as the sole defendant in this action. The 28 page corpus of this pleading (and the dozens of pages of exhibits), however, neither informs the Court of the legal basis upon which Ishutkina asserts that she is entitled to relief, nor reasonably apprises the Court or the Defendant of the factual basis of her claims. Ishutkina's "Motion to Reopen the Case Amended Complaint No. 2" begins by recounting that a

"structural meeting on quality in the Electric Boat Corporation" took place on or about July 1, 2011.  Ishutkina then asserts that "New participants are required: representatives from U.S. Senate, Navy, Pentagon, judicial system. Basis: regularly" and subsequently appears to assert that an issue with "short cables" existed and had "strong roots in the Company," thus becoming "a foundation for establishing the ethics of discrimination against engineers."  [Dkt. 23, ¶¶1-9].  The remainder of Plaintiff's filing appears to allege various perceived issues with the quality of the shipbuilding industry and with Electric Boat's management, allegations of "ethics of discrimination … approved by the judicial institutions," the U.S. Senate, and Electric Boat, and generalized allegations of discrimination based on "women-engineers, women-researchers, PhD students, by origin of birth, [and] employees with non-reversible changes in the body resulted from the surgery."  [*Id*. at ¶¶9-32].  The Plaintiff alleges five causes of action against the Defendant law firm: (1) "discrimination against minorities (engineer, researcher, PhD student, origin of birth, an employee with non-reversible changes in the body resulted from the surgery), and women;" (2) Discrimination in Employment; (3) "Breach of contract: non-participation of the other side;" (4) "Fraud: misleading of the judicial institutions;" and (5) "Misrepresentation – euphoric condition, stress, physical condition of the attorneys required medical examination."  The descriptions of each of these causes of action are nearly unintelligible.  Although the crux of Plaintiff's complaint seems to be concerned with employment discrimination allegedly employed against her, this Court cannot discern any construction of the complaint to allege a legally cognizable claim against the law

6

firm who represented Ishutkina's former employer in various actions brought elsewhere, or her employer.

The Plaintiff's complaint as a whole is futile. It is impossible to comprehend, conclusory, littered with unexplained and disjointed allegations devoid of supporting facts, as well as replete with what appears to be coding or engineering formulation language and unexplained hand-drawn charts. Her various memoranda in support of her motion to reopen suffer from the same fatal flaws. As a result, Plaintiff's proposed Second Amended Complaint fails to state any cognizable claims. The submission does not comprise "a short and plain statement of the claim showing that the pleader is entitled to relief" pursuant to Rule 8, is self-evidently frivolous, and fails to state a claim upon which relief may be granted pursuant to 28 U.S.C. §1915, as the Plaintiff has not pled factual content that would allow this Court to draw the reasonable inference that the defendant law firm is liable for the misconduct alleged. *See Salahuddin v. Cuomo*, 861 F.2d 40 (2d Cir. 1988) (affirming sua sponte dismissal of 15 page, 88 paragraph *pro se* complaint against 22 defendants and containing 23 causes of action for clear violation of Rule 8, but vacating the judgment and allowing entry of an order allowing Plaintiff to file amended complaint); *Rosa v. Goord*, 29 Fed. Appx. 735, 735 (2d Cir. Feb. 27, 2002) (affirming dismissal of prolix complaint and amended filings which "remained prolix and not susceptible of a responsive pleading") (internal citations omitted); *McCracken v. Fass*, 06-CV-3892 JS ARL, 2006 WL 2927162 (E.D.N.Y. Oct. 10, 2006) (dismissing complaint "replete with fantastic and delusional scenarios"); *Stancuna v. New Haven Legal Assistance*

*Inc.*, 383 F. App'x 23, 24 (2d Cir. 2010) (affirming dismissal of complaint that, "even when read liberally, fails to plead a plausible connection between defendants' alleged actions and plaintiff's alleged [injuries]").

## Conclusion

For the foregoing reasons, the Court DENIES Plaintiff's [23] motion to reopen this case.  This case shall remain closed.

IT IS SO ORDERED.

/s/
Hon. Vanessa L. Bryant
United States District Judge

Dated at Hartford, Connecticut: September 8, 2014